IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CAREMETX, LLC**, a Maryland limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**CAREMEDIX**, a Nevada corporation,<br><br>Defendant. | Civ. Action No.: 4:25-cv-6288<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff CareMetx, LLC, by and through its undersigned counsel, files the following Complaint against Defendant CareMediX, and in support thereof, asserts the following:

### NATURE OF THE ACTION

1. CareMetx brings this action for injunctive and monetary relief for CareMediX's unauthorized use of the confusingly similar business name and trademark "CareMediX" (hereinafter the "CareMediX Trademark") in connection with CareMediX's healthcare administrative and management-related services. CareMediX's activities are causing and are likely to continue causing confusion in the marketplace as to the source, origin, and affiliation of CareMediX's services, constituting federal trademark infringement, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, 1114, 1125(a), and trademark infringement, unfair competition and false designation of origin in violation of Texas common law. Despite actual and constructive knowledge of CareMetx's rights in the CareMetx® trademark, as evidenced by CareMetx's U.S. Trademark Registration No. 6,945,695, and written demands that CareMediX cease and desist from using the CareMediX Trademark, CareMediX's infringing

1

conduct persists. As a result, consumers are confused and are likely to continue to be confused, and CareMetx has suffered, and unless enjoined, will continue to suffer ongoing irreparable harm to its operations in Texas and across the country due to CareMediX's infringing activity.

## THE PARTIES

2. Plaintiff CareMetx is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business located at 6931 Arlington Road, Suite 400, Bethesda, Maryland 20814.

3. CareMetx regularly conducts business in Texas, including in this Judicial District, and advertises, offers for sale, and sells its services to its customers in Texas.

4. CareMetx has over 170 employees located in Texas.

5. On information and belief, CareMediX is a corporation organized and existing under the laws of the State of Nevada with a principal place of business at 2831 St. Rose Parkway, Suite 200, Henderson, Nevada 89052 and can be served through its Registered Agent and President, Rubina Butt, at 1293 Imperia Dr., Henderson, Nevada 89052.

6. On information and belief, Defendant CareMediX conducts business in Texas including through an office location in Houston, Texas with an address of 2401 Fountain View Dr. Ste. 464 #2514, Houston, Texas 77057.

7. On information and belief, Defendant CareMediX operates and owns the website https://caremedix.com/.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction because this action arises under the Trademark Act of 1946, *as amended*, 15 U.S.C. §§ 1051 *et seq*. ("Lanham Act"), with jurisdiction being conferred in accordance with 15 U.S.C. §§ 1121(a) and 28 U.S.C. §§ 1331 and 1338.

9. This Court has supplemental jurisdiction over the claims that arise under Texas common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

10. CareMediX has sufficient minimum contacts with the State of Texas to subject CareMediX to personal jurisdiction in this Court. Upon information and belief, CareMediX resides and/or has a principal place of business in the State of Texas and within this Judicial District. On information and belief, CareMediX conducts business in the State of Texas and in this Judicial District through its office in Houston, Texas and online via its website.

11. Upon information and belief, CareMediX has engaged in activities related to CareMetx's claims by virtue of doing business in this Judicial District and advertising its services online to customers or potential customers in this Judicial District, which have reasonably foreseeable consequences in the forum. These acts form a substantial part of the events or omissions giving rise to CareMetx's claims.

12. CareMediX is subject to personal jurisdiction in this Judicial District by virtue of its office location in this State, having conducted business in this State, and having availed itself of the rights and benefits of the State of Texas such that it should reasonably anticipate being haled into court in this Judicial District.

13. Venue is proper in this Judicial District under 28 U.S.C. § 1391 at least because, upon information and belief, CareMediX resides in this Judicial District and transacts business in this Judicial District.

## FACTUAL BACKGROUND

### A. The CareMetx® Name and Trademark

14.     CareMetx is a leading technology-enabled patient services partner, providing high-touch support to accelerate patient initiation and adherence for specialty therapies. CareMetx provides an industry-leading patient access solution and patient support services that help patients quickly start and stay on their specialty therapy treatment plans.

15.     CareMetx's hub platform streamlines patient access to medications through a comprehensive suite of digital and services-based solutions and enables healthcare providers to manage patient enrollment, benefit verification, prior authorization, patient consent, and financial assistance coordination.

16.     CareMetx's suite of proprietary digital tools and e-service transactions are employed by many of the world's leading specialty pharmaceutical brands, thousands of the nation's providers, as well as major hospital systems to improve patient outcomes, lower long-term costs, and deliver a streamlined onboarding experience.

17.     CareMetx partners with manufacturers of drugs, devices, pharmaceuticals, medicines, biologics, and therapies and currently supports more than eighty (80) pharmaceutical and biotechnology manufacturer brands, helping them navigate the ever-changing landscape of healthcare.

18.     Since at least as early as June 2013, CareMetx has used and continues to use the distinctive name and mark CareMetx® in connection with its business.

19.     CareMetx has marketed and advertised its services using the CareMetx® mark throughout the United States, including to residents in Texas, through various media such as on social media, blogs, trade shows, and its website located at https://www.caremetx.com/.

20. CareMetx has made substantial sales through the services it offers under the CareMetx® trademark.

21. CareMetx's extensive, continuous, and exclusive use of the CareMetx® mark in connection with its services has created and maintains goodwill and customer recognition in the CareMetx® mark and has caused CareMetx to become a well-known and distinctive indicator of the source of its services.

22. In addition to CareMetx's extensive common law rights in the CareMetx® mark, CareMetx owns the U.S. Trademark Registration, Reg. No. 6,945,695, for the mark CareMetx®, which was filed May 26, 2021 and registered January 10, 2023. A true and correct copy of the certificate of registration for Reg. No. 6,945,695 is attached hereto as **Exhibit A**.

23. CareMetx has used and continues to use the distinctive mark CareMetx® in connection with its business, which includes but is not limited to, the services listed in CareMetx's U.S. Trademark Reg. No. 6,945,695 in Classes 35, 36, and 42 (hereinafter "CareMetx's Services").

24. CareMetx is entitled to protection from trademark infringement, unfair competition, and injury to its marks and the goodwill represented by the CareMetx® mark.

B. **Defendant CareMediX's Unlawful Conduct**

25. Defendant CareMediX describes itself as specializing in "healthcare medical billing services in [the] USA [to] help healthcare providers streamline billing and improve reimbursement accuracy." *See* CareMediX's description of its services in general on its website here: https://caremedix.com/ (last accessed on Dec. 22, 2025). In addition to medical billing services, CareMediX advertises on its website that it provides additional services, including credentialing services, HIPAA-security risk analysis, revenue cycle management, medical coding analysis, website development, and healthcare virtual assistance. *See id*. A printout of

CareMediX's advertised services on its website is attached as **Exhibit B** (last accessed on Dec. 22, 2025).

26. CareMediX also advertises "Hub Support Services" on its website. *See* CareMediX's description of its Hub Support Services on its website here: https://caremedix.com/hub-support-services/ (last accessed on Dec. 22, 2025).

27. CareMediX calls itself "a next-generation patient access HUB specializing in ***high-touch***, tech-enabled solutions for biopharma and device innovators." (emphasis added). *See id*.

28. CareMediX further states that it "streamlines patient onboarding, benefit verification, and prior authorizations—so providers can focus on care and patients get faster access to therapy." *See id*. A printout of CareMediX's Hub Support Services advertised on its website is attached as **Exhibit C** (last accessed on Dec. 22, 2025).

29. CareMediX incorporates similar fonts and colors to CareMetx, including a combination of blue and green, to advertise its services on its website.

30. Upon information and belief, CareMediX removed references to its "Hub Support Services" from its homepage after CareMetx reached out to CareMediX regarding its infringing conduct.

31. Upon information and belief, CareMediX is advertising and offering for sale overlapping and related technology-enabled healthcare provider patient support services, including those related to patient access and hub coordination services, to similar and/or related customers as CareMetx.

32. Upon information and belief, CareMediX has advertised, marketed, and offered its services to consumers and potential customers in the United States and in this Judicial District including, without limitation, through its office in this Judicial District and through CareMediX's

6

website.

33. Upon information and belief, Rubina Butt, is the President and Registered Agent for the company CareMediX.

34. Upon information and belief, and according to the Nevada Secretary of State, CareMediX was formed on March 6, 2024.

35. Upon information and belief, CareMediX did not use the CareMediX name or trademark prior to the date of its formation.

36. CareMediX's use of the CareMediX Trademark has already caused actual confusion with CareMetx regarding the source or affiliation of each party's services.

37. Upon discovering CareMediX's use of the CareMediX Trademark in connection with overlapping and related services, CareMetx's counsel sent Ms. Butt a cease-and-desist letter via e-mail and FedEx on October 2, 2025, notifying her of CareMetx's prior and superior trademark rights in the CareMetx® mark and CareMedix's resulting infringement.

38. Ms. Butt responded to counsel via e-mail on October 15, 2025 explaining that CareMediX "primarily functions as a medical billing, credentialing, and revenue cycle management company, offering administrative and compliance based back-office support to healthcare providers." Ms. Butt also noted that CareMedix "offer[s] limited patient access and hub coordination services" but that is only a "minor segment of our overall operations." Nonetheless, Ms. Butt disagreed with counsel regarding any infringement despite admitting to offering overlapping and related services for sale.

39. On October 28, 2025, counsel for CareMetx followed up with Ms. Butt via e-mail to restate its position that the CareMediX Trademark and the CareMetx® mark are confusingly similar, and as a result, CareMediX is infringing on CareMetx's trademark rights in violation of

Section 32 and Section 43(a) of the Lanham Act and under common law.

40. Ms. Butt further responded to CareMetx's counsel's October 28, 2025 e-mail on November 5, 2025 refusing to make any changes to its name or otherwise address the infringement.

41. On November 14, 2025, counsel for CareMetx sent an additional email to Ms. Butt reiterating its demands. Ms. Butt responded to counsel on November 18, 2025 refusing to modify, discontinue, or transition its CareMediX Trademark.

42. Despite CareMetx's letter and subsequent emails, CareMediX has refused to cease use of the confusing similar CareMediX Trademark in connection with related and overlapping services or to otherwise comply with CareMetx's demands.

43. CareMetx is informed and believes and, on that basis, alleges that CareMediX has intended to blatantly infringe the CareMetx® trademark and trade on the goodwill CareMetx has established in that mark.

44. CareMediX's acts complained of herein have caused CareMetx to suffer irreparable injury to its business. CareMetx will continue to suffer substantial loss and irreparable injury unless and until CareMediX is enjoined from their wrongful actions complained of herein.

45. CareMetx is informed and believes, and on that basis, alleges that CareMediX's acts complained of herein are willful and deliberate.

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

46. CareMetx realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

47. CareMetx owns rights in and to the CareMetx® mark.

48. Since at least as early as June 2013, CareMetx has used the CareMetx® mark continuously and extensively in commerce in connection with CareMetx's Services and has established considerable brand recognition and goodwill, and as a result, the public associates the CareMetx® mark with CareMetx and the high-quality services it offers.

49. CareMetx's trademark application for the CareMetx® mark was filed on May 26, 2021, and CareMetx's trademark application received a U.S. Trademark Registration, Reg. No. 6,945,695, on the Principal Register on January 10, 2023.

50. In addition to common law trademark rights in the CareMetx® mark dating back to at least as early as June 2013, CareMetx enjoys constructive nationwide rights in the registered CareMetx® mark dating back to May 26, 2021, and enjoys a presumption of ownership and the exclusive right to use the CareMetx® mark in commerce in connection with the services listed in the CareMetx® registration.

51. As a result of its use and registration of the CareMetx® trademark and name, CareMetx has rights in the CareMetx® trademark that predate any upon which CareMediX can rely.

52. CareMediX has, without CareMetx's consent, authorization, or permission, used the CareMediX Trademark, which is nearly identical and confusingly similar to CareMetx's registered CareMetx® mark, in commerce with the sale, offer for sale, and advertising of its similar and overlapping services as to CareMetx's Services.

53. CareMediX's use of the CareMediX Trademark in connection with overlapping and related services with those offered by CareMetx is likely to cause confusion, or to cause mistake, or to deceive by creating a highly similar and misleading commercial impression to CareMetx and the CareMetx® mark.

54. As a direct and proximate cause of the likely confusion, mistake, or deception, CareMetx has suffered and will continue to suffer irreparable harm if CareMediX's conduct is not enjoined.

55. CareMediX's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception amongst the public, in addition to injury to CareMetx's goodwill and reputation as symbolized by its CareMetx® mark, for which CareMetx has no adequate remedy at law.

56. CareMediX's use of the CareMediX Trademark has, in fact, caused actual confusion with respect to the source of CareMediX's services.

57. CareMediX's actions demonstrate a willful intent to trade on the goodwill associated with CareMetx®'s mark, causing CareMetx irreparable harm.

58. CareMediX's acts complained of herein constitute trademark infringement in violation of Section 32 of the Lanham Act, *as amended*, 15 U.S.C. § 1114.

59. CareMediX has caused and is likely to continue causing substantial injury to the public and to CareMetx, and CareMetx is entitled to injunctive relief, actual damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

### SECOND CLAIM FOR RELIEF
### FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

60. CareMetx realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

61. CareMetx owns rights in and to the CareMetx® mark.

62. Since at least as early as June 2013, CareMetx has used the CareMetx® mark continuously and extensively in commerce in connection with CareMetx's Services and has established considerable brand recognition and goodwill, and as a result, the public associates the CareMetx® mark with CareMetx and the high-quality services it offers.

63. As a result of its use and registration of the CareMetx® trademark and name, CareMetx has rights in the CareMetx® trademark that predate any upon which CareMediX can rely.

64. CareMediX has made use in interstate commerce of CareMediX's confusingly similar CareMediX Trademark in connection with overlapping and related services to the CareMetx's Services.

65. CareMediX's use of the CareMediX Trademark is both use of a term, name, or symbol and use of a false designation of origin, all of which is likely to cause confusion, mistake, or deception as to the source of origin of the services offered by CareMediX in connection with the CareMediX Trademark in that customers and potential customers are likely to believe that such services are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to CareMetx and CareMetx's Services.

66. CareMediX's use of the CareMediX Trademark in connection with related and overlapping services with those offered by CareMetx is likely to cause confusion, or to cause mistake, or to deceive by creating a highly similar and misleading commercial impression with CareMetx and the CareMetx® trademark.

67. CareMediX's use of the CareMediX Trademark has caused actual confusion with respect to the source, sponsorship or affiliation of CareMetx's and CareMediX's services.

68. As a direct and proximate result of the likely confusion, mistake, or deception cause by CareMediX's conduct, CareMetx has suffered and will continue to suffer irreparable harm if the conduct of CareMediX is not enjoined.

69. CareMediX's activities are causing and will continue to cause a likelihood of confusion and deception of the public, and, additionally, injury to CareMetx's goodwill and reputation as symbolized by the CareMetx® mark, for which CareMetx has no adequate remedy at law.

70. CareMediX's actions demonstrate bad faith and willful intent to trade on the goodwill associated with the CareMetx® mark.

71. By reason of CareMediX's acts complained of herein, CareMediX has engaged in conduct that constitutes violations of Section 43(a) of the Lanham Act, *as amended*, 15 U.S.C. § 1125(a).

72. CareMediX has caused and is likely to continue causing substantial injury to the public and to CareMetx, and CareMetx is entitled to injunctive relief, actual damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CLAIM FOR RELIEF
### TEXAS COMMON LAW TRADEMARK INFRINGEMENT

73. CareMetx realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

74. CareMetx owns rights in and to the CareMetx® mark.

75. As a result of CareMetx's longstanding, continuous, and exclusive use of the CareMetx® mark, consumers have come to associate the CareMetx® mark as a distinctive symbol of the goodwill established in CareMetx and associated services.

76. As a result of its use and registration of the CareMetx® trademark and name, CareMetx has rights in the CareMetx® trademark that predate any upon which CareMediX can rely.

77. CareMediX's use of the CareMediX Trademark in connection with overlapping and related services with those offered by CareMetx is likely to cause confusion, or to cause mistake, or to deceive by creating a highly similar and misleading commercial impression to CareMetx and the CareMetx® mark.

78. CareMediX's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception amongst the public, in addition to injury to CareMetx's goodwill and reputation as symbolized by the CareMetx® mark, for which CareMetx has no adequate remedy at law.

79. CareMediX's conduct complained of herein constitutes trademark infringement in violation of Texas common law.

80. As a result of CareMediX's willful and intentional acts, CareMetx has suffered injury for which it may recover.

## FOURTH CLAIM FOR RELIEF
## TEXAS COMMON LAW UNFAIR COMPETITION

81. CareMetx realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

82. CareMetx owns rights in and to the CareMetx® mark.

83. As a result of CareMetx's longstanding, continuous, and exclusive use of the CareMetx® mark, consumers have come to associate the CareMetx® mark as a distinctive symbol of the goodwill established in CareMetx and associated services.

84. As a result of its use and registration of the CareMetx® trademark and name, CareMetx has rights in the CareMetx® trademark that predate any upon which CareMediX can rely.

85. CareMediX has engaged in common law unfair competition by unlawfully advertising, offering for sale, and using the confusingly similar CareMediX Trademark to the CareMetx® mark in commerce for overlapping and related services.

86. CareMediX's use of the CareMediX Trademark in connection with overlapping and related services with those offered by CareMetx is likely to cause confusion, or to cause mistake, or to deceive by creating a highly similar and misleading commercial impression to CareMetx and the CareMetx® mark.

87. As a direct and proximate cause of CareMediX's unfair competition, CareMetx has suffered irreparable harm to the CareMetx's valuable CareMetx® mark and CareMetx's reputation.

88. CareMetx has no adequate remedy at law that will compensate for the continued and irreparable harm it suffers if CareMediX's acts are allowed to continue.

89. On information and belief, CareMediX's willful and intentional acts alleged in this Complaint will interfere, and has already interfered, with CareMetx's ability to conduct its business and constitutes unfair competition at law.

90. The acts complained of herein constitute unfair competition in violation of Texas common law.

91. As a result of CareMediX's willful and intentional acts, CareMetx has suffered injury for which it may recover.

**PRAYER FOR RELIEF**

**WHEREFORE**, CareMetx requests that this Court enter judgment for CareMetx and against CareMediX as follows:

A.  That CareMediX, including but not limited to through its use of the CareMediX Trademark, infringes upon CareMetx's rights, including but not limited to rights in CareMetx's registered CareMetx® mark.

B.  That the Court preliminary and permanently enjoin and restrain CareMediX and its officers, directors, agents, employees, and all persons in active concert or participation with CareMediX who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing, contributing to, inducing or abetting any of the following:

    i.  Using CareMediX as a business name or trademark or any designations that are confusingly similar to CareMediX or CareMetx® on or in connection with CareMediX's business and services including on CareMediX's website and/or in any marketing or promotional materials.

    ii.  Infringing or contributing to infringing on CareMetx's CareMetx® mark;

    iii.  Engaging in any acts or activities that are directly or indirectly calculated to trade on the goodwill of CareMetx's CareMetx® mark; and

    iv.  Otherwise competing unfairly with CareMetx in any manner whatsoever.

C.  That the Court find that CareMediX's infringement of CareMetx's CareMetx® mark is and has been willful.

D.  That the Court order CareMediX to account for and pay over to CareMetx all damages, actual or otherwise, to which CareMetx is entitled as a consequence of CareMediX's infringement of CareMetx's CareMetx® mark.

E. That the Court order CareMediX to account for and pay over to CareMetx all damages, actual or otherwise, suffered by CareMetx as a result of CareMediX's unfair competition.

F. That the Court order CareMediX to account for and pay over to CareMetx punitive damages suffered by CareMetx.

G. That the Court enter an order placing reasonable but effective restrictions on CareMediX's future transactions and activities so as to prevent fraud on the Court and ensure CareMediX's capacity to pay, and the prompt payment of, any judgment entered against CareMediX in this action.

H. That the Court award CareMetx treble damages and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

I. That the Court award CareMetx pre-judgment and post-judgment interest on each and every monetary award.

J. That CareMetx be awarded such other and further relief as this Court may deem is just or proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CareMetx requests a trial by jury of all issues so triable.

Dated: December 26, 2025                              Respectfully submitted,

                                                                 MORGAN, LEWIS & BOCKIUS LLP

                                                                 */s/ Rick L. Rambo*

                                                                        Rick L. Rambo
                                                                        Attorney-In-Charge
                                                                        Texas Bar No. 00791479
                                                                        Southern District of Texas No. 18202
                                                                        **MORGAN, LEWIS & BOCKIUS LLP**
                                                                        1000 Louisiana Street, Ste. 4000
                                                                        Houston, TX 77002
                                                                        rick.rambo@morganlewis.com
                                                                        Tel.: +1.713.890.5000
                                                                        Fax: +1.713.890.5001

                                              *Attorney for Plaintiff CareMetx, LLC*